NANGLE, District Judge,
concurring:
I concur in the opinion in this case because the Panel very carefully finds that “extraordinary restitution” is merely a “discouraged” and not a “prohibited” factor. Additionally, the Panel correctly finds that the District Court’s findings are subject to the clearly erroneous rule. I write only to emphasize the closeness of the question and the narrow and limited basis for the affirmance herein.
As stated in the opinion and as reflected in the facts before the District Court, the remorse of the defendants was truly “extraordinary.” Indeed, in more than 30 years as a district judge, I have never participated in, or had brought to my attention, any previous case in which a defendant’s restitution justified a departure downward. This 30-year period included cases occurring well before the Sentencing Guidelines were adopted (wherein a defendant’s restitution could arguably have supported a lesser sentence).
The Panel confirms the five factors that support the District Court’s finding that the defendants were motivated by remorse. It should also be noted that the defendants had no assurance that then-restitution efforts would be rewarded by the District Court at sentencing, since the *1246 government clearly indicated in the plea agreement that it would oppose such a downward departure.
The district judge had the opportunity to assess, face-to-face, the Kims’ remorse in making full restitution. Based upon the totality of the circumstances and the presence of factors indicative of the Kims’ remorse, the District Court’s finding regarding extraordinary restitution is not clearly erroneous.